UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **SHIRLEY DAVISON** | **CIVIL ACTION NO. 3:17-1664** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **WAL-MART LOUISIANA, LLC, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

**RULING**

Pending before the Court is an unopposed Motion for Summary Judgment [Doc. No. 33] filed by Defendant Coca-Cola Bottling Company United, Inc. ("CCBCU"). For the following reasons, the motion is GRANTED.

### I. FACTS AND PROCEDURAL HISTORY

On October 3, 2016, Plaintiff Shirley Davison ("Davison") was shopping at the Wal-Mart store in Rayville, Louisiana. She was using a motorized cart to assist her. She proceeded down the drink aisle and stopped her cart next to the shelving area where Sam's Cola bottles were stocked. She alleges that she stood up from her cart and picked up two Sam's Cola bottles from the top shelf and then placed them in her cart. She sat back down to review her shopping list. During the time Davison sat next to the shelving, she alleges that two Sam's Cola two-liter bottles fell and struck her neck and shoulder area.

On August 4, 2017, Davison filed suit in the Fifth Judicial District Court for the Parish of Rayville, State of Louisiana. She brought suit against Wal-Mart Stores, Inc., and The Coca-Cola Company. She alleged that The Coca-Cola Company was negligent.

On August 29, 2017, Davison amended the state court Petition to name CCBCU as

Defendant in place of The Coca-Cola Company.

On December 22, 2017, the matter was removed to this Court.

On April 26, 2018, Davison filed a Second Amended Complaint in this Court, again asserting claims against CCBCU and clarifying that all claims asserted against The Coca-Cola Company in the original Petition are now asserted against CCBCU.

On January 3, 2019, CCBCU filed the instant Motion for Summary Judgment, seeking dismissal of all claims against it. Davison did not file a memorandum in opposition to the motion. The Court is now prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 56(a), "[a] party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992); *see also* FED. R. CIV. P. 56(c)(1) ("A party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the

nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. However, "a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

Pursuant to Rule 56(e), if the non-movant fails to "properly address [the moving party's] assertion of fact," the Court may "consider the fact undisputed for purposes of the motion."

### B. Negligence

As this is a diversity case, Louisiana substantive law applies. *See Klaxon Company vs. Stentor Electric Mfg., Company, Inc.*, 313 U.S. 487 (1941). Under Louisiana law, "[t]he standard negligence analysis . . . employ[ed] in determining whether to impose liability . . . is the duty/risk analysis . . . ." *Mathieu v. Imperial Toy Corp.*, 94-C-0952 (La. 11/30/94); 646 So.2d 318, 321.

> Under a duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform [its] conduct to a specific standard of care (the duty element); (2) the defendant failed to conform [its] conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).

*Id.* at 322 (citations omitted).

CCBCU has presented undisputed evidence that Davison cannot establish these five elements. She has no evidence that Coca-Cola products or employees were involved in the incident. Instead, she admits that she was struck by Sam's Cola products which are not manufactured, bottled, or stocked by CCBCU. Accordingly, CCBCU is entitled to summary judgment in this matter.

**III. CONCLUSION**

For the foregoing reasons, CCBCU's Motion for Summary Judgment [Doc. No. 33] is **GRANTED**, and Davison's claims against CCBCU are **DISMISSED WITH PREJUDICE**.

**MONROE, LOUISIANA**, this 25th day of January, 2019.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE